IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN CARRION-TORRES,

Plaintiff

v.

COMMONWEALTH OF PUERTO RICO;
DEPARTMENT OF CORRECTION AND
REHABILITATION; NELSON
MERCADO-FELICIANO, JESUS
HERNANDEZ, HERIBERTO
CHAMORRO

Defendants

CIVIL 14-1543 (CCC)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. PROCEDURAL BACKGROUND

Plaintiff inmate Juan Carrion-Torres has filed a pro-se complaint pursuant to the Civil Rights Act of 1967, 42 U.S.C. § 1983, claiming that his civil rights were violated by the defendants, and that as a result of that violation he seeks compensatory and punitive damages in the amount of $60,000[1]. (Docket No. 2 at 10).  He alleges that from July 2013, he has been monitoring the recreational activities of the Maximum Security Institution in Ponce because the defendants have not been providing him with two hours of physical movement outside of his cell on Saturdays and Sundays and "parties days."  As a result, he alleges a

---

[1] See Kuperman v. Wrenn, 645 F.3d 69, 73 n. 5 (1st Cir. 2011) (discussing the Prison Litigation Reform Act and limitations on recovery. 42 U.S.C. § 1997e(e)).

CIVIL 14-1543 (CCC)                        2

violation of the <u>Morales Feliciano</u> case[2].   (Docket No. 2 at 8).  Co-defendants

Hernandez and Chamorro are the institutional recreation leaders who are charged

with failing to provide recreation as required under <u>Morales-Feliciano</u>[3], by failing

to provide rotation of the necessary recreational officers which would apparently

allow for active weekend recreation outside the cell.  Nelson Mercado-Feliciano is

the warden of the institution where plaintiff resides.  Plaintiff makes reference to

an agreement reached in that case on June 28, 2012 but which failed to be filed

(archived).  (Docket No. 2 at 8).[4] He alleges that these two officers, Hernandez

and Chamorro, were ordered not to provide him with recreation outside his cell

on weekends.  Because this active recreation is part of the rehabilitation process,

and he is being denied such activity, he seeks redress.

On October 6, 2014, defendants Commonwealth of Puerto Rico and the

Department of Correction and Rehabilitation moved to dismiss the complaint for

failure to state a claim upon which relief can be granted under Rule 12 (b)(6),

Federal Rules of Civil Procedure.  (Docket No. 16).  They note that the conclusory

allegations and contentions pled in the complaint, even if accepted as true, lack

sufficient factual matter to state a claim for relief that is plausible on its face

_____

[2]<u>Morales-Feliciano v. Rossello Gonzalez</u>, Civil No. 79-4 (PJB).

[3]Over the years, the case has generally been referred to in this manner.

[4]A review of the <u>Morales Feliciano</u> docket reveals no docket entry on that
date, nor any relevant docket entry near that date.

CIVIL 14-1543 (CCC)                          3

against them and thus the complaint does not satisfy the pleading standard of Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007).

The defendants also argue that they are entitled to Eleventh Amendment immunity, invoking the protection from suit by officials of government instrumentalities in their official capacity.

Plaintiff filed a response in opposition to the motion to dismiss on November 4, 2014. (Docket No. 17).  He makes reference to an allegation by the defendants that he had a play station in his prison cell which he could use for recreation on weekends.  He also refers to an unsatisfied judgment of a local court in his favor and in the amount of $10,000, "for the physical and psychological damages" related to an injury he apparently suffered while in custody[5].  Plaintiff generally notes in the response to the motion to dismiss that all defendants had knowledge of the serious injury that keeping him from two hours of outside exercise is producing, knowledge received as the result of this unsatisfied civil judgment against the Commonwealth of Puerto Rico.  He stresses that an Eighth Amendment violation has been committed against him and that he has been exposed to serious harm and pain based upon the deliberate indifference of the

---

[5]Plaintiff has three civil actions pending in local courts, all against the Secretary of the Correctional Department, wardens, and correctional officers of different ranks.  (Docket No. 2 at 3).  These cases involve the same facts of the complaint or are otherwise related to plaintiff's imprisonment.

CIVIL 14-1543 (CCC)                           4

defendants.  He also seeks the opportunity to amend the complaint and to be

provided with appointed counsel.[6]

Since petitioner is proceeding pro se, I construe the complaint, however

inartfully pleaded, under a less stringent standard that the one applied to lawyers.

See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007) (following Estelle

v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285 (1976).  "The policy behind affording

*pro se* plaintiffs liberal interpretation is that if they present sufficient facts, the

court may intuit the correct cause of action, even if it was imperfectly pled."

Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see Castro v. United

States, 540 U.S. 375, 381, 124 S. Ct. 786 (2003) (noting that courts may

construe *pro se* pleadings so as to avoid inappropriately stringent rules and

unnecessary dismissals of claims).  All well-pleaded factual averments made by

a *pro se* plaintiff and reasonable inferences drawn therefrom must be accepted as

true.  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).   While the pleadings are

bare bone in nature, they provided a clear picture of the grievance plaintiff is

bringing forth and the remedies he seeks, both injunctive relief and in punitive

damages.   It is also clear that the linchpin for this complaint is the case of

Morales-Feliciano which has graced the court for over 35 years.  See e.g. Morales

Feliciano v. Rosello Gonzalez, 124 F. Supp. 2d 774, 779 (D.P.R. 2000); Morales

---

[6]Apparently, plaintiff has been moved to a maximum security facility in Guayama.

CIVIL 14-1543 (CCC)                                5

Feliciano v. Romero Barcelo, 672 F. Supp. 2d 591 (D.P.R. 1986); Caraballo-Cepeda v. Administracion de Correccion, 2013 WL 3802441 at * 3 (D.P.R. July 19, 2013); cf. Morales Feliciano v. Hernandez Colon, 775 F. Supp. 477, 482 (D.P.R. 1991); Morales Feliciano v. Hernandez Colon, 697 F. Supp. 37, 43 (D.P.R. 1988); Morales Feliciano v. Romero Barcelo, 672 F. Supp. 591, 597 (D.P.R. 1986); Feliciano v. Barcelo, 497 F. Supp. 14, 27 (D.P.R. 1979).

## II. PLEADING A CAUSE OF ACTION UNDER 42 U.S.C. § 1983

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. See 42 U.S.C. § 1983[7]; Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31, 106 S. Ct. 662 (1986); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002). In order for a defendant to be held liable under section 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation. See Monell v. Dep't of Soc. Servs. of City New York, 436 U.S. 658, 692, 98 S. Ct. 2018 (1978); Soto v.

---

[7] 42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

CIVIL 14-1543 (CCC)                              6

<u>Flores</u>, 103 F.3d 1056, 1061-62 (1st Cir. 1997); <u>Rodriguez-Sanchez v. Acevedo-Vila</u>, 763 F. Supp. 2d 294, 301 (D.P.R. 2011).   If Mr. Carrion-Torres's claim alleges a violation of federal constitutional law effected by state actors, his suit properly arises under section 1983.  However, if it does not, then it cannot survive a Rule 12(b)(6) motion.

Federal Rule of Civil Procedure 12(b)(6) allows for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  Dismissal under the rule is appropriate where the plaintiff has failed to show its claim is at least "plausible."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 557, 127 S. Ct. 1955.  In ruling upon a Federal Rule of Civil Procedure 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. <u>Perry v. New England Bus. Serv., Inc.</u>, 347 F.3d 343, 344 (1st Cir. 2003) (citing <u>Beddall v. State St. Bank & Trust Co.</u>, 137 F.3d 12, 16 (1st Cir. 1998)); <u>Nazario-Baez v. Batista</u>, 29 F. Supp. 3d 65, 69 (D.P.R. 2014); <u>Gutierrez v. Molina</u>, 447 F. Supp. 2d 168, 172 (D.P.R. 2006).  Although "<u>Twombly</u> does not require heightened fact pleading of specifics . . . it does require enough facts to 'nudge [plaintiff's] claims across the line from conceivable to plausible.'"  <u>Quirós v. Muñoz</u>, 670 F. Supp. 2d 130, 131 (D.P.R. 2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 570, 127 S. Ct. 1955).  See <u>Reyes-Garay v. Integrand</u>

CIVIL 14-1543 (CCC)                              7

Assur. Co., 818 F. Supp. 2d 414, 424 (D.P.R. 2011); Vazquez Rivera v. Colon

Ortiz, 2014 WL 7047943 at *2 (D.P.R. August 4, 2014).  "Accordingly, in order to

avoid dismissal, the plaintiff must provide the grounds upon which his claim rests

through factual allegations sufficient 'to raise a right to relief above the

speculative level.'"  Maldonado-Concepción v. Puerto Rico, 683 F. Supp. 2d 174,

175-76 (D.P.R. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 127

S. Ct. 1955); Rivera-Crespo v. Lopez, 2013 WL 1126977 at *1 (D.P.R. March 15,

2013).  "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662,

678, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 127

S. Ct. 1955); Arroyo-Perez v. Demir Group Intern., 733 F. Supp. 2d 322, 323

(D.P.R. 2010).  "[O]nly a complaint that states a plausible claim for relief survives

a motion to dismiss."   Ashcroft v. Iqbal, 556 U.S. at 678, 129 S. Ct. 1937 (citing

Bell Atl. Corp. v. Twombly, 550 U.S. at 556,  127 S. Ct. 1955).  "Thus, any

nonconclusory factual allegations in the complaint, accepted as true, must be

sufficient to give the claim facial plausibility."  Camacho-Torres v. Betancourt-

Vázquez, 722 F. Supp. 2d at 154 (citing Ashcroft v. Iqbal, 556 U.S. at 679, 129

S. Ct. at 1950);  Vazquez Rivera v. Colon Ortiz, 2014 WL 7047943 at *2 .  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the

CIVIL 14-1543 (CCC)                                8

misconduct alleged." <u>Ortiz-Skerrett v. Rey Enter., Inc.</u>, 692 F. Supp. 2d 201, 203

(D.P.R. 2010) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949)

(citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. at 556, 127 S. Sc. 1955)); <u>Vazquez</u>

<u>Rivera v. Colon Ortiz</u>, 2014 WL 7047943 at *2.

　　　　Plaintiff's claim is clear. He demands the two hours of outdoor recreation

on weekend days arguably afforded him by the case of <u>Morales Feliciano</u>, but

also because it violates his right to rehabilitation and recreation.  (Docket No. 2

at 9).   Nevertheless, plaintiff receives exercise on weekdays and the failure to

receive active weekend exercise with nothing more does not reach the level of

constitutional consequences based upon the deprivation of a particular right of

that level. See <u>Sanchez Rodriguez v. Departamento de Correccion y</u>

<u>Rehabilitacion</u>, 537 F. Supp. 2d 295, 298 (D.P.R. 2008).  Plaintiff does not

plead an Eighth Amendment violation but rather asserts the same in the

response to the motion to dismiss.  But even in the light most favorable to the

complaint, there is no facial plausibility that plaintiff has a federal cause of

action based upon his being deprived of active recreation outside his cell on

weekends.  There is no constitutional right to rehabilitation in prison and no

constitutional violation for being deprived of recreation two days out of seven.

See <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n. 9, 97 S. Ct. 274 (1976); <u>Tapp v.</u>

<u>Proto</u>, 718 F. Supp. 2d 598, 620 (E. D. Pa. 2010); <u>Zamboroski v. F. Rowe</u>,

CIVIL 14-1543 (CCC)                          9

2013 WL 6491092 at *4 (W. D. Mich. December 10, 2013).   There is no

statutory violation and certainly there is no constitutional violation of a

recognized right.  See e.g. Torres Garcia v. Puerto Rico, 402 F. Supp. 2d 373,

383 (D.P.R. 2005);  Carrasquillo-Oliveras v. Puerto Rico, 2010 WL 1485669 at

4 (D.P.R. April 9, 2010);  Proverb v. O'Mara, 2009 WL 368617 at *16 (D. N. H.

February 13, 2009), approved by Proverb v. Superintendent, HCDOC, 2009 WL

1292126 (D. N. H. May 6, 2009).  Therefore plaintiff has failed to state a claim

upon which relief can be granted under 42 U.S.C. § 1983.

## III. SOVEREIGN IMMUNITY

The Eleventh Amendment states:

> The Judicial power of the United States shall not be
> construed to extend to any suit in law or equity,
> commenced or prosecuted against one of the United
> States by Citizens of another State or by Citizens, or by
> Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The Eleventh Amendment applies not only to states but also to state

agencies acting as "alter egos" to the state.  See Ainsworth Aristocrat Int'l

Party v. Tourism Co. of the Commonwealth of P.R., 818 F.2d 1034, 1036 n.2

(1st Cir. 1987) (quoting Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle,

429 U.S. 274, 280, 97 S. Ct. 568 (1977)).  Similarly, the Eleventh Amendment

extends not only to state agencies acting as alter egos to the state but also to

CIVIL 14-1543 (CCC)                        10

state employees exercising their official duties.  "[A] suit against a state official

in his or her official capacity is not a suit against the official but rather is a suit

against the official's office.  As such, it is no different from a suit against the

State itself."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct.

2304 (1989); Cosme-Perez v. Mun. of Juana Diaz, 585 F. Supp. 2d 229, 236

(D.P.R. 2008).

For the purposes  of the Eleventh Amendment, Puerto Rico is afforded

the same rights as a state and therefore any private suit against the

Commonwealth of Puerto Rico is barred.  See Sancho v. Yabucoa Sugar Co.,

306 U.S. 505, 506, 59 S. Ct. 626 (1939); Porto Rico v. Rosaly y Castillo, 227

U.S. 270, 273-74, 33 S. Ct. 352 (1913); see, e.g. Jusino-Mercado v.

Commonwealth of P.R., 214 F.3d 34, 37 (1st Cir. 2000); Ezratty v.

Commonwealth of P.R., 648 F.2d 770, 776 n.7 (1st Cir. 1981) (explicitly

stating that Eleventh Amendment immunity applies to Puerto Rico).

The Puerto Rico government can be sued if it has consented to be sued

by statute or if the right has been waived by Congress.  Ramírez v. P.R. Fire

Serv., 715 F.2d 694, 697 (1st Cir. 1983).  Consequently, "[t]he eleventh

amendment bars the recovery of damages in a federal court against the

Commonwealth of Puerto Rico, e.g., Ramírez v. Puerto Rico Fire Service, 715

F.2d 694, 697 (1st Cir. 1983), and, by the same token, it bars the recovery of

CIVIL 14-1543 (CCC)                            11

damages in *official capacity* suits brought against Puerto Rico officials where

recovery will come from the public fisc." Culebras Enter. Corp. v. Rivera Ríos,

813 F.2d 506, 516 (1st Cir. 1987) (citing Kentucky v. Graham, 473 U.S. 159,

165-66, 105 S. Ct. 3099 (1985)).

Petitioner has presented a terse statement as to how his rights have

been violated but gives no supporting facts except that he has been denied the

right to exercise on weekends as acquired under Morales-Feliciano, and that he

suffered unspecified damages.  The right is specifically active weekend

recreation in the prison he is (or was) living in.  Under the most liberal pleading

focal lens, the issue does not reach the protection of the United States

Constitution, nor of any of its amendments.

## IV. CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted.  The

complaint lacks any specificity as to the moving co-defendants Commonwealth

of Puerto Rico and the Department of Correction and Rehabilitation.  Even if

the court considers all reasonable inferences in favor of the plaintiff, a

maximum security inmate[8],  there is still no identifiable cause of action upon

which relief can be granted. This is not a case of inartfully composed pleadings.

This is a case of supposed injuries which plaintiff can clearly outline, (caused by

---

[8]As an aside, plaintiff has been classified a career offender in this court.

CIVIL 14-1543 (CCC)                          12

the defendants), but which he has chosen not to, injuries somehow caused by

not being allowed to exercise outside his cell on weekends.  Indeed, he expects

a money judgment to be satisfied in his favor and has three similar cases

pending in local court.  But there is no concrete allegation against the moving

defendants in any event.   In a nutshell, the complaint does not present

sufficient facts from which the court may intuit the correct cause of action,

particularly one relying on the Eighth Amendment. See e.g. Lopez-Jimenez v.

Pereira, 2010 WL 500504 at 4 (D.P.R. February 3, 2010); cf. Rivera-Crespo v.

Molina-Rodriguez, 2009 WL 2411566 at *2 (D.P.R. July 31, 2009).

        Accordingly, I recommend that the complaint be dismissed for failing to

state a claim upon which relief might be granted, and based upon the defense

of sovereign immunity.

        Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico,

any party who objects to this report and recommendation must file a written

objection thereto with the Clerk of this Court within fourteen (14) days of the

party's receipt of this report and recommendation.  The written objections

must specifically identify the portion of the recommendation, or report to which

objection is made and the basis for such objections.  Failure to comply with this

rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140,

155, 106 S. Ct. 466 (1985); Sch. Union No. 37 v. United Nat'l Ins. Co., 617

CIVIL 14-1543 (CCC)                          13


F.3d 554, 564 (1st Cir. 2010);  <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st

Cir. 1992); <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d

985 (1st Cir. 1988); <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6

(1st Cir. 1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United</u>

<u>States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982.

At San Juan, Puerto Rico, this 22d day of April, 2015.


S/ JUSTO ARENAS
United States Magistrate Judge